IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC WAYNE JONES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-2253-N |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Eric Wayne Jones, a Texas prisoner, has filed an application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.   For the reasons stated herein, the application should be

denied.

I.

In 2005, a Dallas County grand jury indicted petitioner for aggravated robbery with a deadly

weapon.   The indictment also contained two enhancement paragraphs alleging prior felony

convictions for robbery and burglary of a habitation.  Pursuant to a written plea agreement, petitioner

pled guilty to the substantive offense and pled true to the enhancement paragraphs.  The trial court

accepted petitioner's guilty plea and sentenced him to 25 years confinement in accordance with the

terms of the plea agreement.  A subsequent appeal was dismissed for want of jurisdiction. *Jones v.*

*State*, No. 05-07-00768-CR, 2007 WL 2045233 (Tex. App.--Dallas, Jul. 18, 2007, no pet.).[1]

Petitioner also filed three applications for state post-conviction relief.  The applications either were

---

[1] Petitioner waived his right to appeal as part of the plea agreement.

denied on the merits or dismissed. *Ex parte Jones*, WR-68,468-02 (Tex. Crim. App. Oct. 10, 2007);

*Ex parte Jones*, WR-68,468-04 (Tex. Crim. App. Dec. 12, 2007); *Ex parte Jones*, WR-68,468-05

(Tex. Crim. App. Jul. 30, 2008). Petitioner then filed this action in federal district court.

II.

Petitioner challenges his guilty plea and resulting conviction on four broad grounds: (1) his

guilty plea was involuntary; (2) his confession was coerced; (3) his attorney was ineffective for

failing to file a motion to quash the indictment; and (4) the evidence was insufficient to support his

conviction.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here,

a state court has already rejected the claims raised by petitioner, a federal court may grant habeas

relief only if the state court adjudication:

> (1)     resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24,

146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it

relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches

a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v.*

*Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct.

at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law

if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).  Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

## B.

The threshold issue in this case involves the validity of petitioner's guilty plea.  It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *quoting Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970).  A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941).  A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).  The Fifth Circuit has identified three core concerns in a guilty plea proceeding:  (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).  These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13. *See Davis v. Quarterman*, No. 3-08-CV-2145-L, 2009 WL 1058059 at *2 (N.D. Tex. Apr. 17, 2009).[2]

---

[2] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Gracia*, 983 F.2d at 627.  The requirements of Rule 11 and Tex. R. Crim. Proc. Ann. art. 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM.

Petitioner was charged with the felony offense of aggravated robbery with a deadly weapon, enhanced by a prior conviction for robbery and a prior conviction for burglary of a habitation. (*See* St. App. Tr. at 002). On the day of trial, petitioner agreed to plead guilty to the substantive offense and plead true to the enhancement allegations in exchange for a 25-year sentence. A written plea agreement was signed by petitioner, his attorney, and the prosecutor. (*Id.* at 043-44). The agreement disclosed that the range of punishment for the offense was not less than five years nor more than 99 years or life imprisonment, and a possible fine not to exceed $10,000. (*Id.* at 043). As part of the plea agreement, petitioner waived the full panoply of his constitutional rights, including his right to a jury trial, his right to confront and cross-examine witnesses, and his right to appeal. (*Id.* at 043-44). Petitioner also signed a written acknowledgment stating that he understood the admonishments and warnings regarding his constitutional rights, and that his guilty plea was "knowingly, freely, and voluntarily made with full understanding of the consequences." (*Id.* at 044). "Official records, such as this signed document, are entitled to a presumption of regularity and are accorded great evidentiary weight." *Hobbs v. Blackburn*, 752 F.2d 1079, 1081-82 (5th Cir.), *cert. denied*, 106 S.Ct. 117 (1985).

On state collateral review, the state habeas court implicitly found that petitioner's guilty plea was knowing and voluntary. *Ex parte Jones*, WR-68,468-04, Tr. at 024. That determination is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Other than the

---

PROC. ANN. art. 26.13. It therefore follows that the same "prophylactic protection" attaches to the admonishments under article 26.13. *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *5 n.4 (N.D. Tex. Aug. 12, 2002), *COA denied*, 02-11018 (5th Cir. Mar. 12, 2003).

conclusory assertion that his plea was coerced and that he "was not judged fairly," (*see* Hab. Pet. at 7, ¶ 20-A), petitioner offers nothing to rebut that finding. This ground for relief is without merit and should be overruled.

## C.

Petitioner further contends that his confession was coerced and that his attorney was ineffective for failing to file a motion to quash the indictment. A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000). This includes claims involving coerced confessions, *see Thomas v. Dretke*, No. 3-01-CV-2249-L, 2004 WL 444041 at *4 (N.D. Tex. Feb. 25, 2004), *rec. adopted*, 2004 WL 719138 (N.D. Tex. Mar. 15, 2004), *COA denied*, No. 04-10381 (5th Cir. Aug. 18, 2004), and allegations of ineffective assistance of counsel that do not implicate the validity of the plea itself, *see Glinsey*, 209 F.3d at 392. Those claims should be summarily dismissed.[3]

## D.

Finally, petitioner contends that the evidence was insufficient to support his conviction for aggravated robbery with a deadly weapon. This claim fails for at least two reasons. First, "[n]o federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea." *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986), *quoting Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983), *cert. denied*, 104 S.Ct. 1609 (1984). Second, petitioner signed a judicial confession admitting that he committed the offense "exactly as alleged in the indictment[.]" (St. App. Tr. at 046). By accepting petitioner's guilty plea, the state court implicitly found that his judicial confession was sufficient to establish the elements of the offense.

---

[3] In view of the disposition of these claims, the court need not decide whether they are procedurally barred from federal habeas review as alleged by respondent in his answer.

Petitioner has failed to adduce any evidence, much less clear and convincing evidence, to rebut that finding.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  June 5, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE